10174-6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CHICAGO PAINTERS AND DECORATORS PENSION WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No. 08 C 2399 |
| vs. | ) ) | Judge Dow |
| BRYER CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | Magistrate Judge Cole |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Now comes defendant, BRYER CONSTRUCTION, INC., by its attorneys, HUCK BOUMA PC, and for its Answer to Complaint states as follows:

### COUNT I

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

ANSWER: Paragraph 1 contains conclusions of law to which no response is required.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

ANSWER: Paragraph 2 contains conclusions of law to which no response is required.

## The Parties

3.  The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Cooperation Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

ANSWER:  Defendant admits that the plaintiffs are Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Cooperation Funds.  The remaining allegations are conclusions of law to which no response is required.

4.  The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

ANSWER:  Bryer lacks sufficient knowledge and information on which to form a belief as to the truth or falsity of the allegations in paragraph 4.  Said allegations are therefore specifically denied and strict proof thereof is demanded at trial.

5.  The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

ANSWER:  Bryer lacks sufficient knowledge and information on which to form a belief as to the truth or falsity of the allegations in paragraph 4.  Said allegations are therefore specifically denied and strict proof thereof is demanded at trial.

6.  BRYER CONSTRUCTION, INC., ("BRYER "), an Illinois corporation, on or about August 31, 2007, executed a Labor Agreement with the Union and adopted the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.

ANSWER:  Bryer admits that it executed a Labor Agreement with the Union.  However, thereafter, the Union informed Bryer that the signed agreement was invalid as it was not the current year's contract.  Despite promising to do so, the Union never forwarded a new agreement for signature.  Accordingly, based on the Union's statements, Bryer does not think there is a valid contract in effect.

**The Agreements**

7.     Pursuant to the provisions of the Labor Agreement, BRYER is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, BRYER is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

ANSWER:     In response to paragraph 7, Bryer incorporates its response to paragraph 6. Further, any such agreement speaks for itself and Bryer denies the allegations contained therein to the extent inconsistent therewith.

8.     Under the terms of the Labor Agreement and Trust Agreements to which it is bound, BRYER is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not BRYER is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require BRYER pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

ANSWER:     In response to paragraph 8, Bryer incorporates its response to paragraph 6. Further, any such agreement speaks for itself and Bryer denies the allegations contained therein to the extent inconsistent therewith.

**The Claim**

9.     BRYER breached the provisions of the Labor Agreement and Trust Agreements by failing to submit reports and contributions for the period from August 31, 2007 through the present.

ANSWER:     Bryer admits that it did not submit reports and contributions for the period from August 31, 2007 through the present. However, the reason Bryer did not submit such reports and contributions is because despite repeated requests for the requisite forms and paperwork, the information was not sent to Bryer. As a result, Bryer was unable to calculate and submit the reports and contributions. By way of further answer, Bryer incorporates its answer to paragraph 6. Any remaining allegations are denied.

10.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, BRYER is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

ANSWER:     In response to paragraph 10, Bryer incorporates its response to paragraph 6. Further, any such agreement speaks for itself and Bryer denies the allegations contained therein to the extent inconsistent therewith.

11.    Plaintiffs have complied with all conditions precedent in bringing this suit.

ANSWER:    Bryer denies the allegations in paragraph 11.

12.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from BRYER.

ANSWER:    Bryer denies the allegations in paragraph 12.

13.    BRYER is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (G)(D).

ANSWER:    The allegations in paragraph 13 are conclusions of law to which no response is required. To the extent a response is deemed required, Bryer denies the allegations therein.

14.    Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ), Plaintiffs are entitled to an amount equal to the greater of:

    (i)    interest on the unpaid contributions; or

    (ii)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

ANSWER:    The allegations in paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed required, Bryer denies the allegations therein.

### Relief Sought

WHEREFORE, Bryer respectfully requests judgment in its favor, for its costs of suit, and for any such other and further relief that this Court deems proper and just.

Respectfully submitted,

HUCK BOUMA PC

By: /s/ Kathleen R. Ryding
_____
Kathleen R. Ryding, one of Bryer's attorneys

## CERTIFICATE OF FILING AND SERVICE

I, KATHLEEN R. RYDING, state as follows under penalty of perjury this 28th day of August, 2008:

1. I filed this *Answer* by filing it with the clerk of the court by electronic means.

2. I served this *Answer* by filing it with the clerk of the court by electronic means, which electronic filing constitutes service by virtue of local rule 5.9.

3. I made the electronic filing on August 28, 2008.

/s/   Kathleen R. Ryding

_____

Kathleen R. Ryding
**HUCK BOUMA  PC**
1755 South Naperville Road
Wheaton, Illinois 60189
630 221-1755
630 221-1756 (fax)


R:\10000s\10100-10199\10174-6\Pleadings\08 C 2399\080827 - Answer.wpd